IT IS HEREBY ORDERED
AS DESCRIBED BELOW.

DATED: July 07, 2011



Honorable Margaret Dee McGarity
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: ) | |
|     PATRICIA RANDALL, ) | **CASE NO.: 11-28290-MDM** |
|     ADRIAN TRZEBIATOWSKI, ) | **CASE NO.: 11-27104-SVK** |
| ) | |
|     DEBTORS ) | |
| _____ ) | |
| ) | |
| PATRICK S. LAYNG ) | |
| UNITED STATES TRUSTEE, ) | |
| ) | |
|     MOVANT ) | |
| VS. ) | |
| ) | |
| DAWN M. GOMEZ BESS ) | |
| ) | |
|     RESPONDENT ) | |

## ORDER OF CIVIL CONTEMPT
## AS TO DAWN M. GOMEZ BESS

Upon the oral motion made on June 13, 2011 by the United States Trustee, by

Debra L. Schneider, Attorney for the United States Trustee, pursuant to 11 U.S.C. §

105 and Bankruptcy Rules 9014 and 9020 for an order of civil contempt against Dawn

M. Gomez Bess, the court held an evidentiary hearing on the matter on June 13, 2011 in conjunction with other matters upon which due and proper notice had been provided. Due to insufficient notice in these two cases, subsequent notice and opportunity to appear to defend the potential assessment of fines and sanctions was given and a hearing on the matter was held on July 6, 2011. The Court having determined that notice of the July 6, 2011, hearing was properly served. No objection to the motion was timely filed, and no appearance was made by Dawn Gomez Bess. Attorney Debra L. Schneider, Attorney for the United States Trustee appeared. After considering the June 13, 2011, testimony of the Debtors, the non-appearance of Dawn M. Gomez Bess and the arguments of counsel, and for reasons more fully set forth on the record, the Court makes the following findings of fact and conclusions of law:

**Patricia Randall, Case No. 11-28290-MDM**

1.   The fee received from the debtor having been found in excess of the value of any services rendered by the petition preparer, Dawn Gomez Bess shall immediately turn over to the bankruptcy trustee the $125 fee paid by the debtor pursuant to section 110(h)(3)(A).

2.   The bankruptcy petition preparer, Dawn Gomez Bess, having prepared a document for filing and failed to sign the document and print on the document the preparer's name and address as required by section 110(b)(1), is fined $500 under section 110(l)(1).

3.   The bankruptcy petition preparer, Dawn Gomez Bess, having prepared a document for filing and failed to place on the document, after the preparer's signature, her social security number as required by section 110(c)(1), is fined $500 under section 110(l)(1).

4.   The bankruptcy petition preparer, Dawn Gomez Bess, having offered a potential bankruptcy debtor legal advice in violation of section 110(e)(2)(A), is fined $500 under section 110(l)(1).

5. Having found the bankruptcy petition preparer, Dawn Gomez Bess, prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer, the amount of fines assessed under subsection (b), (c), and (e) shall be tripled pursuant to section 110(l)(2)(D), for a total of $4500 payable to the United States Trustee for the Eastern District of Wisconsin.

6. The bankruptcy petition preparer, Dawn Gomez Bess, having violated section 110 and committed acts found to be fraudulent, unfair, and deceptive, shall pay to the debtor $2,000 pursuant to section 110(i)(1).

## Adrian Trzebiatowski, Case No. 11-27104-SVK

7. The fee received from the debtor having been found in excess of the value of any services rendered by the petition preparer, Dawn Gomez Bess shall immediately turn over to the bankruptcy trustee the $100 fee paid by the debtor pursuant to section 110(h)(3)(A).

8. The bankruptcy petition preparer, Dawn Gomez Bess, having prepared a document for filing and failed to sign the document and print on the document the preparer's name and address as required by section 110(b)(1), is fined $500 under section 110(l)(1).

9. The bankruptcy petition preparer, Dawn Gomez Bess, having prepared a document for filing and failed to place on the document, after the preparer's signature, her social security number as required by section 110(c)(1), is fined $500 under section 110(l)(1).

10. The bankruptcy petition preparer, Dawn Gomez Bess, having offered a potential bankruptcy debtor legal advice in violation of section 110(e)(2)(A), is fined $500 under section 110(l)(1).

11. Having found the bankruptcy petition preparer, Dawn Gomez Bess, prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer, the amount of fines assessed under subsection (b), (c), and (e) shall be tripled pursuant to section 110(l)(2)(D), for a total of $4500 payable to the United States Trustee for the Eastern District of Wisconsin.

12. The bankruptcy petition preparer, Dawn Gomez Bess, having violated section 110 and committed acts found to be fraudulent, unfair, and deceptive, shall pay to the debtor $2,000 pursuant to section 110(i)(1).

**FURTHER**, the Court is satisfied that notice and service upon Dawn Gomez Bess was both effective and sufficient. The Court hereby finds that Dawn Gomez Bess has both willfully and contemptuously violated this court's permanent injunction enjoining her from providing bankruptcy petition preparer services in the Eastern District of Wisconsin. The Motion of the United States Trustee to hold Dawn Gomez Bess in civil contempt is **GRANTED.**

**IT IS HEREBY ORDERED** that these factual findings are Certified to the District Court for consideration of whether sanctions should be imposed upon Dawn Gomez Bess for criminal contempt.

The Clerk of Bankruptcy Court is **DIRECTED** to transmit to the District Court the record in connection with the above-named cases.

####