UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN RE CONTEMPT PROCEEDINGS FOR
DAWN GOMEZ BESS and
ANDREW FROMSTEIN

     Bankruptcy Petition Preparers,

          Case No. 11-Misc-35
          (Bankruptcy Case Nos.
          11-24652, 11-24247, 11-22612,
          11-23489, 11-23768, 11-28290 and
          11-27104)

UNITED STATES TRUSTEE,

     Interested Party,

## DECISION AND ORDER

This miscellaneous matter comes before the Court for consideration of the bankruptcy court's certificate of criminal contempt based upon the two sets of certified factual findings and proposed findings of fact made in seven cases. The proceedings, initiated upon the motion of counsel for the United States Trustee in this District, pursuant to 11 U.S.C. § 110, arise out of the contemptuous conduct of bankruptcy petition preparers Dawn Gomez Bess ("Gomez Bess") and Andrew Fromstein ("Fromstein"). In a nutshell, Gomez Bess and Fromstein have repeatedly ignored bankruptcy court orders to cease preparing bankruptcy

petitions and have repeatedly violated the laws regulating the preparation of those petitions by bankruptcy petition preparers.

*Statutory Background*

Section 110 of Title 11 of the United States Code was added to the Bankruptcy Code by the Bankruptcy Reform Act of 1994 to create standards and penalties pertaining to bankruptcy petition preparers. A series of twelve amendments to § 110 were made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA 2005").

Section 110 defines "bankruptcy petition preparer" as "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing" by the debtor in connection with the debtor's bankruptcy case. 11 U.S.C. § 110(a)(1). A non-attorney who acts as a "bankruptcy petition preparer" in exchange for compensation is subject to the affirmative obligations set out in § 110. *See In re Woodward*, 314 B.R. 201, 205 (Bankr. N.D. Iowa 2004).

The Seventh Circuit Court of Appeals' position on whether bankruptcy courts have criminal contempt powers is unsettled. *See Cox v. Zale Del., Inc.*, 239 F.3d 910, 916-17 (7th Cir. 2001). However, Rules 9020 and 9033 of the Bankruptcy Rules provide a procedure for both civil and criminal contempt hearings before the bankruptcy court upon notice by a judge and a de novo review upon the record by a district court of a bankruptcy court's findings

2

of fact and conclusions of law to which specific objection has been made in accordance with Bankruptcy Rule 9033.

*Procedural Background*

Pursuant to Bankruptcy Rules 9020 and 9014, the bankruptcy court certified its findings and proposed conclusions of law that Gomez Bess and Fromstein have willfully and contemptuously violated its permanent injunctions enjoining each of them from providing bankruptcy preparer services in this District. *See e.g., In re Finney*, 167 B.R. 820, 822-23 (E.D. Va. 1994).

The first set of certified findings and proposed conclusions of law, issued on June 16, 2011, relate to Gomez Bess and Fromstein's conduct in the cases of *In re Robert McCoy*, No. 11-24652-MDM; *In re Monica Kennedy*, No. 11-24247-MDM; *In re April Vaughn*, No. 11-22612-MDM; *In re Melissa Heyn*, No. 11-23489-MDM; and *In re Porchia Scoggins*, No. 11-23768-MDM. The second set of certified findings and proposed conclusions of law, issued on July 7, 2011, relate the Gomez Bess's conduct in connection with *In re Patricia Randall*, No. 11-28290-MDM, and *In re Adrian Trzebiatowski*, No. 11-27104-SVK.

Neither Gomez Bess nor Fromstein appeared at the contempt proceedings before the bankruptcy court despite having been served with notices to appear in the seven cases. The bankruptcy court found that both Gomez Bess and Fromstein, who were bankruptcy preparers in one or more of the above cases, wilfully and contemptuously failed to appear

3

before that court to show cause why she or he should not be held in civil contempt and, therefore, certified the matter to this Court for prosecution of criminal contempt.

*Analysis*

Considering the contempt proceedings, neither Gomez Bess nor Fromstein filed a response to the certified findings and conclusions of law, and the time for any objections has passed. In the absence of any objection by Gomez Bess or Fromstein, and having reviewed Judge McGarity's findings of fact and civil contempt sanctions, the Court finds such findings and conclusions of law thorough and well-reasoned. Therefore, they are adopted *in toto*, as subsequently set forth.

With respect to criminal contempt, "[f]ederal law, 18 U.S.C. § 401, confers upon a court the authority to punish by imprisonment 'misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice,' *id.* § 401(1), and "disobedience or resistance to its lawful writ, process, order, rule, decree, or command," *id.* § 401(3)." *F.T.C. v. Trudeau*, 606 F.3d 382, 385 (7th Cir. 2010). Conduct that violates § 401 is a crime, and generally contemnors are convicted through normal criminal process. *Id.* at 385 (citing *Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 826 (1994)). Federal Rule

4

of Criminal Procedure 42(a)[1] outlines the ordinary procedures necessary for a finding of criminal contempt. *Id*.

No doubt, under certain limited circumstances, this Court has the power to punish persons "on the spot" for criminal contempt. *See generally id* at 386. However, the fundamental principle in contempt cases is that the court must exercise the least possible power to the end proposed. *Id.* (citing *United States v. Moschiano*, 695 F.2d 236, 251 (7th Cir. 1982) (citing *United States v. Wilson*, 421 U.S. 309, 319 (1975)).

Given the nature of the criminal contempt at issue, this Court concludes Gomez Bess and Fromstein must be afforded the protections of Rule 42 of the Federal Rules of

---

[1] Rule 42(a) provides:

(a) Disposition After Notice. Any person who commits criminal contempt may be punished for that contempt after prosecution on notice.

    (1) Notice. The court must give the person notice in open court, in an order to show cause, or in an arrest order. The notice must:

        (A) state the time and place of the trial;

        (B) allow the defendant a reasonable time to prepare a defense; and

        (C) state the essential facts constituting the charged criminal contempt and describe it as such.

    (2) Appointing a Prosecutor. The court must request that the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt.

    (3) Trial and Disposition. A person being prosecuted for criminal contempt is entitled to a jury trial in any case in which federal law so provides and must be released or detained as Rule 46 provides. If the criminal contempt involves disrespect toward or criticism of a judge, that judge is disqualified from presiding at the contempt trial or hearing unless the defendant consents. Upon a finding or verdict of guilty, the court must impose the punishment.

5

Criminal Procedure and the additional constitutional protections – substantive and procedural – that are afforded to criminal defendants. *See id*. Therefore, based on those highly significant considerations, the Court refers this matter to the United States Attorney for the Eastern District of Wisconsin for consideration of whether to pursue criminal contempt charges under 18 U.S.C. § 401 against Gomez Bess and Fromstein based on their conduct in the seven bankruptcy actions and the civil sanctions imposed by the bankruptcy court as summarized below. *See id.*; *see also*, *In re Rood*, Misc. No. DKC 09-0186, 2009 WL 3614851, at *3-*4 (D. Md. 2009).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

This matter is **REFERRED TO THE UNITED STATES ATTORNEY** for this District for consideration of whether to prosecute Gomez Bess and Fromstein for criminal contempt of court under 18 U.S.C. § 401 based on their repeated and willful violations of the bankruptcy court orders and their failure to appear for the properly noticed hearings before United States Bankruptcy Judge Margaret Dee McGarity.

The following factual findings and conclusions of law are provided as a basis for the potential criminal contempt prosecution:

**(1) As to In re *Robert E. McCoy*, Case No. 11-24652-MDM**:

A. Pursuant to § 110(h)(3)(A), the fee received from Robert McCoy (""McCoy") having been in excess of the value of any services rendered **Gomez Bess was**

6

**required to immediately turn over to the United States Trustee for the Eastern District of Wisconsin the $100 fee paid by McCoy**;

B. Pursuant to § 110(l)(1), **Gomez Bess**, having prepared a document for filing and failed to sign the document and print on the document the preparer's name and address as required by § 110(b)(1), **was fined $500**;

C. Pursuant to § 110(l)(1), **Gomez Bess**, having prepared a document for filing and failed to place on the document, after the preparer's signature, her social security number as required by § 110(c)(1), **was fined $500**; and,

D. Pursuant to § 110(l)(1), **Gomez Bess,** having offered a potential bankruptcy debtor legal advice in violation of § 110(e)(2)(A), **was fined $500**; and

E. **The fines** assessed under § 110 (b), (c), and (e) [as noted in paragraphs B, C, and D above] **were tripled** pursuant to section 110(l)(2)(D), **for a total of $4500 payable to the United States Trustee for the Eastern District of Wisconsin**, because Gomez Bess prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer; and

F. Pursuant to § 110(i)(1), **Gomez Bess**, having violated § 110 and committed acts found to be fraudulent, unfair, and deceptive, **was ordered to PAY McCoy $2,000**; and

G. Pursuant to § 110(i)(1), **Fromstein**, having violated § 110 and committed acts found to be fraudulent, unfair, and deceptive, **was ordered to PAY McCoy $2,000.**

7

**(2) As to *In re Monica Kennedy*, Case No. 11-24247-MDM:**

A. Pursuant to § 110(h)(3)(A), the fee received from Monica Kennedy ("Kennedy") having been in excess of the value of any services rendered, **Gomez Bess was required to immediately turn over to the United States Trustee for the Eastern District of Wisconsin the $154 fee paid by Kennedy**;

B. Pursuant to § 110(l)(1), **Gomez Bess**, having prepared a document for filing and failed to sign the document and print on the document the preparer's name and address as required by § 110(b)(1), **was fined $500**;

C. Pursuant to § 110(l)(1), **Gomez Bess**, having prepared a document for filing and failed to place on the document, after the preparer's signature, her social security number as required by § 110(c)(1), **was fined $500**;

D. Pursuant to § 110(l)(1), **Gomez Bess**, having offered a potential bankruptcy debtor legal advice in violation of § 110(e)(2)(A), **was fined $500**;

E. **The fines** assessed under subsection (b), (c), and (e) [as noted in paragraphs B, C, and D above] **were tripled** pursuant to § 110(i)(2)(D), **for a total of $4500 payable to the United States Trustee for the Eastern District of Wisconsin**, because Gomez Bess prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer;

8

F. Pursuant to § 110(i)(1), **Gomez Bess** having violated § 110 and committed acts found to be fraudulent, unfair, and deceptive, **was required to PAY Kennedy $2,000**; and,

G. Pursuant to § 110(i)(1), **Fromstein**, having violated § 110 and committed acts found to be fraudulent, unfair, and deceptive, **was required to PAY Kennedy $2,000**.

**(3)** As to *In re April Vaughn*, **Case No. 11-22612-MDM:**

A. Pursuant to § 110(h)(3)(A), the fee received from April Vaughn ("Vaughn") having been found in excess of the value of any services rendered, **Gomez Bess was required to immediately turn over to the United States Trustee for the Eastern District of Wisconsin the $179 fee paid by Vaughn**;

B. Pursuant to § 110(l)(1), **Gomez Bess**, having prepared a document for filing and failed to sign the document and print on the document the preparer's name and address as required by § 110(b)(1), **was fined $500**;

C. Pursuant to § 110(l)(1), **Gomez Bess,** having prepared a document for filing and failed to place on the document, after the preparer's signature, her social security number as required by § 110(c)(1), **was fined $500**;

D. Pursuant to § 110(i)(1), **Gomez Bess**, having offered a potential bankruptcy debtor legal advice in violation of § 110(e)(2)(A), **was fined $500**;

C. **The fines** assessed under subsection (b), (c), and (e) [as noted in paragraphs B, C, and D above] **were tripled** pursuant to § 110(l)(2)(D), **for a total of $4500 payable to**

9

**the United States Trustee for the Eastern District of Wisconsin**, because Gomez Bess prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer;

D. Pursuant to § 110(i)(1), **Gomez Bess**, having violated § 110 and committed acts found to be fraudulent, unfair, and deceptive, **was required to PAY Vaughn $2,000**; and

E. Pursuant to § 110(i)(1), **Fromstein**, having violated § 110 and committed acts found to be fraudulent, unfair, and deceptive, **was required to PAY Vaughn $2,000**.

**(4) As to *In re Melissa Heyn*, Case No. 11-23489-MDM:**

A. Pursuant to § 110(h)(3)(A), the fee received from Melissa Heyn ("Heyn") having been found in excess of the value of any services rendered, **Gomez Bess was required to immediately turn over to the United States Trustee for the Eastern District of Wisconsin the $179 fee paid by Heyn**;

B. Pursuant to § 110(l)(1), **Gomez Bess**, having prepared a document for filing and failed to sign the document and print on the document the preparer's name and address as required by § 110(b)(1), **was fined $500**;

C. Pursuant to § 110(l)(1), **Gomez Bess**, having prepared a document for filing and failed to place on the document, after the preparer's signature, her social security number as required by § 110(c)(1), **was fined $500**;

D. Pursuant to § 110(l)(1),**Gomez Bess**, having offered a potential bankruptcy debtor legal advice in violation of § 110(e)(2)(A), **was fined $500**;

10

F. **The fines** assessed under subsection (b), (c), and (e) [as noted in paragraphs B, C, and D above] **were tripled** pursuant to section 110(l)(2)(D), **for a total of $4500 payable to the United States Trustee for the Eastern District of Wisconsin**, because Gomez Bess, prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer;

G. Pursuant to § 110(i)(1), **Gomez Bess**, having violated § 110 and committed acts found to be fraudulent, unfair, and deceptive, **was required to PAY Heyn $2,000**; and,

H. Pursuant to § 110(i)(1),**Fromstein**, having violated § 110 and committed acts found to be fraudulent, unfair, and deceptive, **was required to PAY Heyn $2,000**.

**(5) As to *In re Porchia Scroggins*, Case No. 11-23768-MDM**

A. Pursuant to §110(h)(3)(A), the fee received from Porchia Scoggins ("Scoggins") having been found in excess of the value of any services rendered, **Gomez Bess was required to immediately turn over to the United States Trustee for the Eastern District of Wisconsin the $150 fee paid by Scoggins**;

B. Pursuant to § 110(l)(1), **Gomez Bess**, having prepared a document for filing and failed to sign the document and print on the document the preparer's name and address as required by § 110(b)(1), **was fined $500**;

C. Pursuant to § 110(l)(1), **Gomez Bess**, having prepared a document for filing and failed to place on the document, after the preparer's signature, her social security number as required by § 110(c)(1), **was fined $500**;

11

D. Pursuant to § 110(l)(1), **Gomez Bess**, having offered a potential bankruptcy debtor legal advice in violation of § 110(e)(2)(A), **was fined $500**;

E. **The fines** assessed under § 110 (b), (c), and (e) [as noted in paragraphs B, C, and D above] **were tripled** pursuant to § 110(i)(2)(D), **for a total of $4500 payable to the United States Trustee for the Eastern District of Wisconsin**, because Gomez Bess prepared a document for filing in a manner that failed to disclose her identity;

F. Pursuant to § 110(i)(1), **Gomez Bess**, having violated § 110 and committed acts found to be fraudulent, unfair, and deceptive, **was required to PAY Scoggins $2,000**; and,

G. Pursuant to § 110(i)(1), **Fromstein**, having violated § 110 and committed acts found to be fraudulent, unfair, and deceptive, **was required to PAY Scoggins $2,000**.

**(6) As to *In re Patricia Randall*, Case No. 11-28290-MDM**

A. Pursuant to §110(h)(3)(A), the fee received from Patricia Randall ("Randall") having been found in excess of the value of any services rendered, **Gomez Bess was required to immediately turn over to the bankruptcy trustee the $125 fee paid by Randall**;

B. Pursuant to § 110(l)(1) Gomez Bess, having prepared a document for filing and failed to sign the document and print on the document the preparer's name and address as required by § 110(b)(1), **was fined $500**;

12

C. Pursuant to § 110(l)(1), **Gomez Bess** having prepared a document for filing and failed to place on the document, after the preparer's signature, her social security number as required by § 110(c)(1), **was fined $500**;

D. Pursuant to § 110(l)(1), Gomez Bess, having offered a potential bankruptcy debtor legal advice in violation of § 110(e)(2)(A), **was fined $500**;

E. Gomez Bess having prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer, **the fines** assessed under subsection (b), (c), and (e) [as noted in paragraphs B, C, and D above] **were tripled** pursuant to § 110(l)(2)(D), **for a total of $4500 payable to the United States Trustee for the Eastern District of Wisconsin**; and

F. Pursuant to § 110(i)(1), **Gomez Bess**, having violated § 110 and committed acts found to be fraudulent, unfair, and deceptive, **was required to PAY Randall $2,000**.

**(7) As to *In re Adrian Trzebiatowski,* Bankr. Case No. 11-27104-SVK**

A. Pursuant to § 110(h)(3)(A), the fee received from Adrian Trzebiatowski ("Trzebiatowski") having been found in excess of the value of any services rendered by the petition preparer, **Gomez Bess was required to immediately turn over to the bankruptcy trustee the $100 fee paid by Trzebiatowski**;

B. Pursuant to § 110(i)(1), **Gomez Bess**, having prepared a document for filing and failed to sign the document and print on the document her name and address as required by § 110(b)(1), **was fined $500**;

13

C. Pursuant to § 110(i)(1), **Gomez Bess**, having prepared a document for filing and failed to place on the document, after the preparer's signature, her social security number as required by § 110(c)(1), **was fined $500**;

E. Pursuant to § 110(i)(1), **Gomez Bess**, having offered a potential bankruptcy debtor legal advice in violation of § 110(e)(2)(A), **was fined $500**;

F. **Gomez Bess** prepared a document for filing in a manner that failed to disclose her identity **the fines** assessed under subsection (b), (c), and (e) [as noted in paragraphs B, C, and D above] **were tripled** pursuant to § 110(l)(2)(D), **for a total of $4500 payable to the United States Trustee for the Eastern District of Wisconsin**; and

G. Pursuant to § 110(i)(1), **Gomez Bess**, having violated § 110 and committed acts found to be fraudulent, unfair, and deceptive, **was required to PAY Trzebiatowski $2,000**; and

The Clerk of Court is **DIRECTED** to send a copy of this Decision and Order to Bankruptcy Judge McGarity.

Dated at Milwaukee, Wisconsin this 17th day of October, 2011.

**BY THE COURT**

_____
**Hon. Rudolph T. Randa**
**U.S. District Judge**

14